IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH A. KURTZ,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>CHRISTOPHER MARYLAND, and  )<br>JOSHUA FRANCE,  )<br>  )<br>   Defendants.  ) | CASE NO.  8:13CV170<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed his Complaint in this matter on June 3, 2013.  (Filing No. 1.)  Plaintiff has been given leave to proceed in forma pauperis in this matter.  (Filing No. 5.)  The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Christopher Maryland and Joshua France.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff alleges that the events giving rise to his Complaint occurred "some where around Sept[ember] 2013."  (*Id.* at CM/ECF p. 2.)  Plaintiff's allegations, in their entirety, are as follows:

> Sent letter to Senator Johanns and the letter got returned.  Some one open[ed] the letter and gave it to George Himelio.  George approach[ed] me with open letter and said to find a knew [sic] place to live.  I drop the letter in the hallway and it got open[ed] and given to George.  Christopher Maryland and Joshua France were consistently causing problems in the house on second level of 1323 Martha St 68108[.] #2 Christopher Maryland threaten my safety in public by adding his friends and father.  Joshua Frace #5 room consistently caused problems even flipped me a finger when pulled in driveway of 1323 Martha St 68108.

(*Id.* at CM/ECF p. 3.)  For relief, Plaintiff seeks $500.00 for "loss of property."  (*Id.* at CM/ECF p. 4.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e)(2).  The court must dismiss

a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III.   DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction may also exist where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as federal-

question jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter. As to diversity of citizenship jurisdiction, Plaintiff alleges that both he and Defendants are citizens of Nebraska. Thus, diversity of citizenship jurisdiction does not exist in this case. As to federal-question jurisdiction, Plaintiff does not set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. Furthermore, Plaintiff does not allege that Defendants are state actors. In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States, or that the alleged deprivation was committed under color of state law. For these reasons, the court lacks subject-matter jurisdiction and this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.